# Stevenson, Appellant, *v.* E. E. Smith Contracting Company.

*Negligence—Evidence—Steps.*

Where a man eighty years old falls down a flight of steps and is injured, he cannot recover from the owner of the steps, where it appears that the steps were of a temporary character leading from a wall to a pavement, with no backs or risers, but with boards forming the tread at least ten inches wide, and that the accident happened by the old man catching his cane in the open space back of the step, causing him to lose his balance and trip over the cane.

Argued Jan. 10, 1908. Appeal, No. 250, Jan. T., 1907, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1905, No. 670, on verdict for defendant in case of John L. Stevenson v. E. E. Smith Contracting Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Parker S. Williams*, with him *Reginald H. Innes*, for appellant.

*Frank P. Prichard*, with him *J. Wilson Bayard*, for appellee.

OPINION BY MR. JUSTICE POTTER, March 2, 1908:

Upon the trial of this case, at the close of the testimony for the plaintiff, the trial judge, upon motion of counsel for defendant, instructed the jury to find a verdict in favor of the defendant. It appears from the evidence, that at the time of the accident the plaintiff, a man of eighty years, was descend-

ing a temporary flight of steps at a point in the street where the grade was being changed. He was stepping from the top of the cement retaining wall to the first step, which was made of solid plank ten inches wide. At the back of the plank there was a space two inches wide, between the edge of the plank and the cement wall, but the broad surface of the step was immediately below and in front of him. The plaintiff put out his cane to steady himself, but the end of the cane did not find the proper spot, and instead of resting on the solid plank, went into the space behind. This apparently caused the plaintiff to lose his balance, and he tripped over the cane, and received a severe fall, resulting in the injuries for which he sought to recover in this action. No defect was shown in the construction of the steps, the only criticism being that a two inch open space was left at the rear of the step. But this space had no connection with the construction of the steps, as it was formed when a plank, used to guard the cement when fresh, in a wall, was taken away. None of the steps had risers between the treads, but instead there were open spaces as in ordinary cellar steps. We can see nothing in the facts of the case beyond an accidental misplacement of his cane by the plaintiff, as he attempted to put it down in front of him and upon the step below. He simply missed the plank. He might have missed it in precisely the same way by putting the cane in front of it, but as a matter of fact he failed to locate it properly by reason of getting it behind the plank forming the step, which presented a good broad solid surface ample for both his cane and foot to rest upon; the board forming the tread of the step being, according to the testimony, at least ten inches wide. We find no testimony tending to show that the steps were of an unusual or unsafe form of construction, or that there was any defect or opening in the steps which was dangerous to anyone using them in the ordinary way, or with ordinary care.

The defendant cannot be charged with negligence because the plaintiff failed to find the step, in feeling for it with his cane, and by reason of that failure lost his balance and tripped over the cane. He might have met with precisely the same mishap in passing over a grating in the sidewalk, or in passing over a gutter.

We find nothing in the evidence which would have justified the submission of the case to the jury. The trial judge was clearly right in giving binding instructions in favor of the defendant, and the judgment is affirmed. .